## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STRIKE 3 HOLDINGS, LLC,

              *Plaintiff,*

   v.

JOHN DOE subscriber assigned IP address
108.52.236.56,

              *Defendant.*

CIVIL ACTION
NO. 21-5178

**PAPPERT, J.**                                             **June 22, 2022**

### MEMORANDUM

      Strike 3 Holdings, LLC produces and distributes pornographic films.  It sued the Defendant for copyright infringement, alleging he used BitTorrent, a system that enables users to quickly share large files over the internet, to illegally download and distribute its films.  Because the Defendant's identity was unknown, the original Complaint identified him only by his IP address.  After a third-party subpoena revealed the Defendant's name and address, the Court granted Strike 3's motion to file an amended complaint under temporary seal so the Defendant could assert his privacy interests after service.  The case has purportedly settled, and Strike 3 now moves on the Defendant's behalf to maintain the pseudonym in the case caption and permanently seal the unredacted documents containing his name, address and other identifying information.  The Court denies the motion.

I

      Strike 3's pornographic films are allegedly "among the most pirated content in the world."  (Am. Compl. ¶ 16, ECF 8.)  In an effort to crack down on that piracy,

1

Strike 3 developed a program that searches BitTorrent for its films and identifies the IP addresses from which they are being disseminated. (*Id.* ¶¶ 27–35.) According to the Amended Complaint, the program downloaded twenty-six portions of various Strike 3 films from the Defendant's IP address. (*Id.* ¶ 37.)

Strike 3 filed its initial Complaint against the "John Doe subscriber assigned IP address 108.52.236.56." (Compl., ECF 1.) Because BitTorrent users are largely anonymous, Strike 3 did not yet know the Defendant's true identity. (*Id.* ¶¶ 5, 12.) The Court then granted Strike 3's request to subpoena Verizon Fios for the subscriber information associated with the infringing IP address. (ECF 4.)

After learning the Defendant's identity, Strike 3 filed a motion to maintain the Defendant's pseudonym in the case caption and file portions of the Amended Complaint under temporary seal. (Mot. Leave to File Documents Under Seal, ECF 6.) The motion emphasized that "an order temporarily preserving Defendant's ability to appear and more fully brief their privacy interest . . . is necessary to give Defendant an opportunity to . . . be heard, which in turn will enable the Court to make specific findings on the record concerning the effects of disclosure on Defendant." (*Id.* ¶ 15.)

The Court granted Strike 3's motion and allowed the documents to be filed under temporary seal. (Order, ECF 7.) The Court explained that if the Defendant wished his identifying information to remain under seal after service, "he must file a motion to proceed anonymously on or before thirty days after his . . . entry of appearance." (*Id.* ¶ 2(b).)

But the Defendant never appeared. [1]  According to Strike 3, his counsel contacted Strike 3 and the parties settled the case.  (Mot. Maintain Pseudonym ¶ 5, ECF 9.) Because Defendant's counsel was not "admitted to practice before this Court," Strike 3 agreed to file the motion on his behalf.  (*Id.* ¶ 1 n.1.)   In it, Strike 3 requests the identifying information in the Amended Complaint remain under seal and that the Defendant be permitted to remain anonymous.  (*Id.* ¶ 7.)  It attached a declaration from the Defendant explaining his concerns with being identified publicly.  (Def.'s Decl. ¶¶ 4–9, ECF 9-1.)

## II

## A

A party may proceed anonymously only in "exceptional" cases.  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  The potential for "embarrassment or economic harm" is not enough to justify anonymity.  *Id.*  Instead, the party seeking to litigate under a pseudonym must demonstrate a reasonable fear of severe harm.  *Id.*  Even then, the Court must balance the litigant's "interest and fear against the public's strong interest in an open litigation process."  *Id.*  Anonymity is only appropriate if the former outweighs the latter.  *Id.* at 409.

Courts in the Third Circuit consider a non-exhaustive nine factor list when conducting this balancing test.  *Id.*  Factors that favor anonymity include:

 (1) the extent to which the identity of the litigant has been kept confidential;
(2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

---

[1]     Strike 3 claims it served the Defendant on February 23, 2022, but chose not to file proof of service to "reduce the number of documents that must be permanently sealed."  (Mot. Maintain Pseudonym ¶ 5, ECF 9.)

(3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
(4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
(5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
(6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* On the other hand, the following three factors weigh against anonymity:

(1) the universal level of public interest in access to the identities of litigants;
(2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
(3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

## B

As an initial matter, the Defendant has not sufficiently alleged a reasonable risk of severe harm. In his declaration, he contends he "may be terminated from [his] current employment and/or lose future employment opportunities based on the allegations of this case," and that his "reputation would be tarnished irreparably" if he were associated with "the alleged copyright infringement of adult content." (Def.'s Decl. ¶ 5.) But "broad, vague, and conclusory allegations of harm . . . are . . . insufficient to overcome the presumption of public access." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678 (3d Cir. 2019); *cf. Megless*, 654 F.3d at 408 (explaining that the "use of a pseudonym 'runs afoul of the public's common law right of access to

judicial proceedings'") (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.2000)).

Defendant's declaration offers no details to substantiate his claim that his job or future employment prospects would be severely harmed by his association with the allegations in the Amended Complaint. He does not say where he works or why he believes his employer would terminate him for illegally downloading and distributing adult pornography. The Defendant's use of the double conjunction "and/or" to describe his fears of current and future job consequences highlights the speculative nature of both.

Nor has he explained why the reputational harm he fears is so severe his identity should remain a secret. Potential embarrassment is not enough. *Doe v. Coll. of New Jersey*, 997 F.3d 489, 496 n.6 (3d Cir. 2021) (quoting *Megless*, 654 F.3d at 408). Indeed, "[i]t is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Patrick Collins, Inc. v. John Does 1-54*, No. 11-1602, 2012 WL 911432, at *4 (D. Ariz. Mar. 19, 2012).

While courts have allowed litigants to proceed anonymously in cases "involving matters of a highly sensitive and personal nature," *Doe v. Univ. of Scranton*, No. 19-1486, 2020 WL 1244368, at *1 (M.D. Pa. Mar. 16, 2020) (citation omitted), the Court is not convinced that defendants accused of illegally downloading adult pornography are entitled to anonymity simply because the allegations suggest they viewed materials of a sexual nature. Even in cases that touch on sexuality, there must be a reasonable fear of harm above and beyond mere embarrassment.

"[T]he fact that . . . the case involves highly personal subject matter . . . is not in itself dispositive." *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *6 (D.N.J. Aug. 7, 2018). Even in such cases, "courts do not simply presume severe harm." *Doe v. Cnty. of Lehigh,* No. 20-3089, 2020 WL 7319544, at *4 (E.D. Pa. Dec. 11, 2020). Instead, the Court must distinguish between "mere embarrassment" and more serious harms that might flow from publicly disclosing information about a litigant's sexuality or gender identity. *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 n.8 (D. Mass. 2011).[2] Beyond a conclusory reference to a "tarnished" reputation, Defendant alleges nothing of the sort.[3] (Def.'s Decl. ¶ 5.)

C

Even assuming the Defendant adequately alleged a reasonable fear of severe harm, the harm he articulated would not outweigh the public's interest in open litigation.

Of the six factors that potentially weigh in favor of anonymity, only the first and sixth actually do. Because the Defendant allegedly used BitTorrent to pirate Strike 3's content anonymously, his identity is known only to himself, his internet service provider and Strike 3. And there is no evidence the Defendant has an illegitimate motive to remain anonymous.

---

[2] *See, e.g., Doe v. Triangle Doughnuts, LLC,* No. 19-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020) (allowing transgender plaintiff to proceed under a pseudonym and noting "the widespread discrimination, harassment, and violence faced by these individuals"); *Doe v. Univ. of Scranton*, No. 19-1486, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020) (concluding plaintiff had a reasonable fear of violence should his sexual orientation be publicly disclosed).

[3] Nor does the Amended Complaint go into gratuitous detail about the contents of the copyrighted works. Strike 3 describes them as "adult motion pictures" and names the brands through which it distributes its content, (Am. Compl. ¶¶ 2–3), but intentionally omits the titles of the allegedly infringed works, (*Id.* ¶ 42 & Ex. A).

By contrast, the second and fourth factors weigh strongly against anonymity. As explained above, the Defendant has offered nothing more than the "boilerplate assertion that [he] will be embarrassed if [he] is publicly identified." *Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019). "[R]outine fears of professional and social embarrassment" are insufficient to justify the use of a pseudonym. *Id.* at *2. As another court explained, while "there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the movant to proceed anonymously." *Malibu Media, LLC v. Doe*, No. 13-669, 2013 WL 5321598, at *2 (S.D. Ind. Sept. 20, 2013).

Nor is there an "atypically weak" public interest in knowing the Defendant's identity. Because Strike 3's copyright infringement claim is fact-bound rather than purely legal, this factor weighs against anonymity. *See Delaware Valley Aesthetics, PLLC v. Doe 1*, No. 20-456, 2021 WL 2681286, at *6 (E.D. Pa. June 30, 2021). In fact, proving the Defendant was the one downloading and distributing Strike 3's copyrighted content would likely be a key issue were the case litigated on the merits. The Complaint originally named a John Doe defendant because BitTorrent is anonymous, and Strike 3 devotes a substantial portion of its Amended Complaint to "additional evidence" connecting the Defendant to the BitTorrent activity at his IP address. (Am. Compl. ¶¶ 47–54.) Specifically, it alleges that during the same period its content was illegally downloaded and distributed, someone at the same IP address torrented files related to the Defendant's publicly documented personal and professional interests.

7

(*Id.*)  Because the Defendant's identity as the alleged infringer is central to the case, the fourth factor cuts against Strike 3's request.

Moreover, the sheer volume of Strike 3 cases in this district illustrates the public's substantial interest in understanding "who is using their courts"—and to what ends.  *Megless*, 654 F.3d at 408.  A recent article estimated that Strike 3 has filed three-fourths of the copyright infringement claims in the Eastern District of Pennsylvania this year.  Aleeza Furman, *Adult Film Producer's Lawsuits Make Up Bulk of Philadelphia Federal Court's Copyright Infringement Filings*, Legal Intelligencer (May 17, 2022, 6:10 PM), https://www.law.com/thelegalintelligencer/2022/05/17/adult-film-producers-lawsuits-make-up-bulk-of-philadelphia-federal-courts-copyright-infringement-filings/.  This phenomenon is newsworthy, and the Defendant himself claims to fear identification in part because "many journalists and bloggers . . . write articles on BitTorrent copyright infringement matters."  (Def.'s Decl. ¶ 4.)  But journalistic interest in these cases underscores rather than undermines the importance of open proceedings.  Allowing every defendant in a Strike 3 case to remain anonymous undermines the public's ability to understand how its courts are being used.

For similar reasons, the third and fifth factors are neutral at best.  Because it is the Defendant who seeks to remain anonymous, there is little risk that forcing him to litigate under his own name would deter "similarly situated litigants . . . from litigating claims that the public would like to have litigated."  *Megless*, 654 F.3d 410; *see also Strike 3 Holdings, LLC v. Doe*, No. 21-3702, 2022 WL 1214170, at *2 (E.D. Pa. Apr. 25, 2022) (concluding that "[t]he public has no discernable interest in maintaining Defendant's confidentiality").  If anything, refusing to rubber stamp motions to seal

after early settlements may encourage more defendants to litigate these claims on the merits. *Cf. Megless*, 654 F.3d at 410 (noting that "litigating publicly [would] afford Doe the opportunity to clear his name"). In any case, "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials." *Id.* at 410–11.

Of the three remaining factors, the second and third are largely irrelevant. Since no one actively opposes Defendant's use of a pseudonym, ulterior motives are not an issue. Nor is there an unusually strong interest in knowing the Defendant's identity. That said, "[t]he universal interest in favor of open judicial proceedings" remains a "thumb on the scale" against Strike 3's motion. *Megless*, 654 F.3d at 411.

After reviewing the factors, the Defendant should not be allowed to proceed anonymously. He has not demonstrated a fear of harm beyond mere embarrassment, much less one sufficient to outweigh the public's interest in open proceedings.

## III

The common law presumes the public has a right to access materials that have been "filed with the court or . . . integrated into a district court's adjudicatory proceedings." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). To overcome the presumption of access, the moving party must show the "material is the kind of information that courts will protect" and that it will suffer "a clearly defined and serious injury" if the material is disclosed. *Id.* Fear of embarrassment or reputational injury alone is not sufficient. *Id.* at 676, 679. Nor are "[b]road allegations

of harm, bereft of specific examples or articulated reasoning." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

The Court denies Strike 3's motion to permanently seal the unredacted Amended Complaint and the Defendant's declaration for the same reason it denies its motion to maintain a pseudonym in the case caption.  Defendant's allegations of harm are vague and conclusory, not specific and serious.  Without a "compelling, countervailing interest[] to be protected," Strike 3's motion to seal fails.  *In re Avandia*, 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 194).  Even if it were necessary to balance the Defendant's claimed privacy interests against the public's right of access, that balancing would be indistinguishable from the one the Court already conducted.  It would not make sense to seal references to the Defendant's name and identity in the Amended Complaint while including his name in the case caption.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

10